IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO R. AYALA, | No. C 06-02061 WHA |
| Plaintiff, | |
| v. | **ORDER FOLLOWING DISCOVERY HEARING OF NOVEMBER 14, 2006** |
| SOUTH SAN FRANCISCO POLICE DEPARTMENT, | |
| Defendant. / | |

At the discovery hearing on November 14, 2006, parties were ordered to agree upon and file a proposed order regarding the rulings on November 17, 2006. Parties were unable to come to an agreement. The Court's order is as follows.

**1. DEPOSITIONS OF VERONICA VARGAS AND PEDRO ESCOBAR REQUESTED BY DEFENDANTS TO TAKE PLACE IN COLOMBIA.**

The burden is on the party seeking to take a foreign deposition to make all necessary arrangements, including the administration of the oath, the presence of a court reporter, and ensuring that witnesses will appear and answer questions. When a deposition is noticed and all sides go to the place of the deposition only to find that one or more of the prerequisites has not been satisfied, the responding party may lodge an objection. If that objection is later sustained, then not only is the deposition unusable, but the proponent of the deposition must pay all expenses, including attorney's fees, incurred by the responding party. This is why most foreign depositions are taken pursuant to the Hague Convention. It happens that the formalities of the Hague Convention are skipped

on some occasions when a voluntary appearance is arranged and the other formalities of a deposition are met without the formalities of the Convention. It nonetheless remains the case that the burden to make the arrangements rests on the proponent.

Accordingly, the burden is on defendants to make all necessary arrangements for taking the depositions of Veronica Vargas and Pedro Escobar in Colombia. If defendants notice the deposition for Colombia, plaintiffs' counsel will decline to appear at her own peril. On the other hand, if plaintiffs' counsel does appear and any formalities for a proper deposition are missing and objected to, then plaintiffs' counsel will be reimbursed for all time and costs of attending the deposition by the defense.

Here, defendants may depose Veronica Vargas and Pedro Escobar in Colombia, subject to the caveat above.

If the deposition is noticed for Colombia, defendants must pay for one coach, round-trip plane ticket, reasonable hotel accommodations, and meals for the duration of the deposition for one lawyer for plaintiffs.

If the depositions occur outside of California, but within the United States, the Court will consider whether or not defendants will have to pay plaintiffs' counsel's transportation costs and related expenses depending on the location of the deposition.

In the alternative, the depositions may be conducted by video teleconferencing, subject to establishing the formalities.

### 2. DEFENDANTS' DEPOSITION OF PAROLE OFFICER.

Defendants can only depose Julio A. Ayala's parole officer following the deposition of the plaintiffs and only if plaintiffs' testimony under oath can be contradicted or impeached by the parole officer.

### 3. TELEPHONE RECORDS OF PLAINTIFFS AND TANIA ORELLANA-ORTEGA.

Defendants are entitled to obtain plaintiffs' land line and cell phone records for five years preceding the incident date of April 3, 2005, subject to a protective order and only for the purpose of establishing calls between plaintiffs and decedent Julio A. Ayala. Defense counsel will write a letter to plaintiffs' counsel on November 14, 2006,

2

1  identifying the phone numbers that they have for plaintiffs and Julio A. Ayala for the five
2  years preceding the incident, and plaintiffs' counsel will confirm in writing no later than
3  Friday, November 17, 2006, whether any additional numbers exist.
4      Defendants are not entitled to obtain any telephone records for Tania Orellana-
5  Ortega, decedent's sister.
6  **IT IS SO ORDERED.**

8  Dated: November 21, 2006



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\WHAALL\2006Civ\06-02061 Ayala\order after discovery hearing.wpd